IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN WILLIAMSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-481-R |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's Motion to Conduct ERISA Discovery. Doc. No. 10. Defendant has responded. Doc. No. 11. Plaintiff has not replied. Upon review of the parties' submissions, the Court finds as follows.

Plaintiff is covered by a disability benefit plan, issued and administered by Defendant Unum Life Insurance Company of America. The plan requires Defendant to pay long-term disability benefits if Plaintiff is totally disabled. Plaintiff submitted a claim to Defendant for long-term disability based upon an alleged disability beginning in January of 2018. Defendant denied his claim. This action ensued. Plaintiff contends that because Defendant Unum is both financially responsible for payment of benefits and the decision maker for Plaintiff's claim, they play a dual role, creating a conflict of interest. Plaintiff argues that this conflict entitles him to seek discovery outside the administrative record related to the scope and impact of Defendant's dual-role. Defendant objects. Upon review, the Court denies Plaintiff's motion because Plaintiff has not met his burden to show the need for extra-record ERISA discovery.

1

It is undisputed that Defendant acts as both the insurer of the benefits at issue and the claims administrator of those benefits. It is also undisputed that this dual role creates a structural conflict of interest, *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 108 (2008), and that, in this role, Defendant had discretionary authority to determine Plaintiff's eligibility for benefits. According to the Tenth Circuit, where a plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the court reviews the administrator's decision for an abuse of discretion. *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F. 3d 1151, 1157 (10th Cir. 2010) (citations omitted). Under this standard, "the federal courts are limited to the administrative record." *Id*. This general restriction does not, however, "conclusively prohibit a district court from considering extra-record materials related to an administrator's dual role conflict of interest. Therefore, discovery related to the scope and impact of a dual role conflict of interest may, at times, be appropriate . . . ." *Id.* at 1162. In reviewing Plaintiff's discovery request seeking information related to Defendant's dual role conflict of interest, the Court "must apply Federal Rule of Civil Procedure 26(b) . . . just as we would apply that rule to other discovery requests." *Id.*

Under Rule 26(b), district courts have substantial discretion in handling discovery requests. *Id.* at 1164. But they are not without instruction. Rule 26 permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Rule 26 Advisory Committee Notes (2015) (noting that the former provision authorizing "discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of

admissible evidence' " was deleted due to misinterpretation by parties and courts alike, and instructing that "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery."). In permitting or denying discovery requests, courts are instructed to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In the ERISA context, the Tenth Circuit has held that "[t]he party moving to . . . engage in extra-record discovery bears the burden of showing its propriety," and that no party "should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim," *Murphy*, 619 F.3d at 1162–63. The Circuit also noted that "district courts will often need to account for several factors that will militate against broad discovery," *id.*, but highlighted two factors that have since been used by this Court as an analytical framework in deciding motions for ERISA discovery, *Derryberry v. Pharmerica Corp.*, No. CIV-16-207-C, 2016 WL 5876128, at *4 (W.D. Okla. Oct. 7, 2016). Those factors include: (1) whether the requested discovery advances ERISA's goal of a speedy inexpensive, and efficient resolution of a claim, and (2) whether the cost or burden of the requested discovery outweigh its potential benefit. *Id.* (citing *Murphy*, 619 F.3d at 1163). The Court will consider these factors first before addressing the other factors described in Rule 26(b)(1) above.

3

"First, while a district court must always bear in mind that ERISA seeks a fair and informed resolution of claims, ERISA also seeks to ensure a speedy, inexpensive, and efficient resolution of those claims . . . And while discovery may, at times, be necessary to allow a claimant to ascertain and argue the seriousness of an administrator's conflict, Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Id*.

Plaintiff seeks to inquire into four "areas," including: (1) Defendant's coverage guidelines for Mr. Williamson's claim and appeal, (2) Defendant's profit sharing and bonuses or performance incentives, (3) the policies and procedures adopted to rectify Defendant's history of bad faith claim denials, and (4) the identity of any person responsible for oversight of claims, appeals decision makers, fiduciaries, and all protocols for oversight and accountability. Doc. No. 10, p. 8. These requests appear too broad. Moreover, Plaintiff does not indicate the way he intends to seek this information, for example through interrogatories or depositions. Nor does he identify from whom he wishes to seek this information. Plaintiff's requests are not narrowly tailored and thus do not serve ERISA's purpose of ensuring a speedy, inexpensive, and efficient resolution of claims.

To the extent Plaintiff's requests are sufficiently narrow, his rationale for requesting discovery reflects a speculative fishing expedition, which is not licensed by Rule 26(b). Plaintiff's only argument for granting discovery is that the Defendant has a history of bad faith, profit-motivated disability claim denials. For support, Plaintiff cites two law review articles, *see* Doc. No. 10, pp. 6–7, which describe Defendant's unsavory practices between the years 1993 and 2003. This does not satisfy Plaintiff's burden.

To be sure, the Supreme Court has noted that a conflict of interest may become more important "where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Glenn*, 554 U.S. at 117. But Plaintiff does not establish how issues with Defendant Unum's claim practices from over a decade ago have anything to do with his current claim. In fact, several courts have recognized that Unum has since changed its claim procedures for the better. *E.g., Swanson v. Unum Life Ins. Co. of Am.*, No. 13-CV-4107-JAR, 2015 WL 339313, at *8 (D. Kan. 2015). An overwhelming majority of courts have also found that Unum's history of bias, since rectified, does not provide a proper rationale for ERISA discovery. *E.g., Kamerer v. Unum Life. Ins. Co. of Am.*, 251 F. Supp. 3d 349, 352 (D. Mass. 2017) (citation and internal quotation marks omitted) ("This court will not assume Unum is biased every time it denies a claim simply because it employed unfair claims practices more than a decade ago, particularly in light of changes to claims processing it has since made").

The Court in *Kamerer* aptly summarized the relevancy of Unum's historical practices to the need for extra-record discovery, noting that while Unum's unsavory past is entitled to some weight, "given the time that has passed and the new claims-processing practices adopted by Unum pursuant to the RSA, that history does not, by itself . . . overcome the strong presumption that the record on review is limited to the record before the administrator." *Kamerer*, 251 F. Supp. 3d at 352 (citation and internal quotation marks omitted). The Court agrees with the approach taken in *Kamerer*. The first factor highlighted by the Tenth Circuit thus weighs in favor of denying Plaintiff's motion.

So too does the second factor, which requires the Court to weigh the burdens and benefits of the requested discovery. "In determining whether a discovery request is overly costly or burdensome in light of its benefits, the district court will need to consider the necessity of discovery." *Murphy*, 619 F.3d at 1163. In doing so, "a district court may be able to evaluate the effect of a conflict of interest on an administrator by examining the thoroughness of the administrator's review . . . ." *Id.* Based upon the information provided, it appears that Defendant conducted a thorough examination, *see* Doc. No. 11, pp. 10–12, which indicates that the requested discovery may be unnecessary here.

Moreover, Plaintiff's first, third, and fourth discovery requests appear to be unnecessary because Plaintiff already has access to the information he seeks. In his first request, Plaintiff asks for the written guidelines that cover the decision making for Mr. Williamson's claim and appeal. But Plaintiff does not dispute that Defendant has already provided him with access to Unum's claims manual—which contains the written guidelines that cover the decision making for Mr. Williamson's claim and appeal. Doc. No. 11, p. 1. In his third request, Plaintiff requests information regarding the policies and procedures Unum has implemented in response to Unum's prior unfair claims practices. But that information is publicly available. *See* Doc. No. 11, pp. 19-20 n. 5, 6, 7, 8. In his fourth request, Plaintiff seeks the identity of individuals responsible for oversight of claims, appeals decisions, and fiduciaries. But Plaintiff does not dispute that he has access to a copy of the claim file which contains the identities of various individuals related to his claim, from point of contact to appeals and quality control. Doc. No. 11, p. 1.

As to Plaintiff's second discovery request, —for information related to Defendant's profit sharing, bonuses, and incentives—while the Tenth Circuit suggests that this information may be discoverable in ERISA cases, *see Murphy*, 619 F.3d at 1163 n. 7, Plaintiff has shown no propriety for it here. His only support for requesting discovery is that Unum has a history dating from 1993 to 2003 of bad faith, profit-motivated claim denial. But as noted above, this history alone does not demonstrate the need for ERISA discovery. *See, e.g., Kamerer*, 251 F. Supp. 3d at 352.

The other factors described in Rule 26(b)(1) also weigh in favor of denying Plaintiff's motion. The factors include the "issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The issues at stake are undoubtedly important and the amount in controversy—$126,231.84—is a significant sum. But, as discussed previously, it appears Plaintiff has access to most of the information he seeks. And while he may presumptively have fewer resources, Plaintiff has not demonstrated the importance of the requested discovery in resolving the issues, nor has he shown that the benefit of discovery outweighs the burden.

At bottom, both the factors highlighted in *Murphy* and those identified in Rule 26(b)(1) weigh in favor of denying Plaintiff's motion. Therefore, the Court DENIES Plaintiff's Motion to Conduct ERISA Discovery. The Court further orders the Defendant to submit the full administrative record by December 31, 2019. Plaintiff shall file his brief on the merits, setting forth the grounds for his claim of improper denial of benefits by

January 31, 2020. Defendant shall respond by March 2, 2020. And Plaintiff shall reply by March 16, 2020.

**IT IS SO ORDERED** this 6th day of December 2019.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE